I ¶ KNOLL, Judge.
Defendant, Walter Gregory Monette, was arrested on March 28,1993, when a search of the vehicle he was driving revealed a bottle containing 25 rocks of crack cocaine. He was convicted under La.R.S. 40:967(A) of posses *620 sion of crack cocaine with intent to distribute. Subsequent to this conviction and based on a prior conviction for the same offense in 1992, the defendant was charged as a habitual offender under La.R.S. 15:529.1(A)(l)(a). On November 22, 1993, he was found to be a habitual offender and sentenced to eighteen (18) years at hard labor under the terms of La.R.S. 15:529.1.
Defendant appealed, and in an unpublished opinion, the Third Circuit Court of Appeal found that the defendant had not been informed of his right to remain silent prior to the habitual offender proceeding. Although his conviction was affirmed, the defendant was remanded to the district court for resen-tencing.
|2On remand, the State introduced the testimony of the defendant’s probation officer, the minute entry and bill of information from the prior conviction, and a photograph taken from the probation officer’s file for the prior conviction. The trial court concluded that the defendant was in fact the same Walter Gregory Monette that had been convicted for the prior offense, and on May 15,1995, again sentenced him to eighteen (18) years under the provisions of La.R.S. 15:529.1.
The defendant now appeals, assigning the following errors: (1) that the evidence adduced at the habitual offender hearing was insufficient for a finding that the defendant was a second felony offender under the terms of La.R.S. 15:529.1(A)(l)(a); and (2) that the sentence imposed is constitutionally excessive.
• For reasons which follow, we find the assignments of error without merit. Nevertheless, since we note errors patent in the sentencing of the defendant, we remand this case to the district court so that defendant’s sentence may be amended.
HABITUAL OFFENDER
The defendant asserts that the evidence adduced prior to his sentencing under La.R.S. 15:529.1(A)(l)(a) was insufficient to prove that he was in fact convicted of a prior felony.
In order to prove that the defendant is a habitual offender, the State must establish by competent evidence that there is a prior felony conviction and that the defendant is the person convicted of the prior felony. State v. Yarbrough, 596 So.2d 311 (La.App 3 Cir.), writ denied, 599 So.2d 317 (La.1992). Under State v. Curtis, 338 So.2d 662 (La.1976), identifying a defendant by name alone is insufficient to | aprove habitual offender status. Nevertheless, identity can be proved by witnesses, fingerprints, or photographs in the record.
In the case sub judice, the State introduced the minute entry and the bill of information from case # 232,943, entitled State v. Walter Gregory Monette, in which a defendant named Walter Gregory Monette pled guilty on July 15, 1992, to possession with intent to distribute crack cocaine. The defendant in case #232,943 received a suspended sentence of five years at hard labor and was placed on supervised probation for three years. The State also offered the identification testimony of the defendant’s probation officer, Ms. Martha King.
Ms. King admitted that she was not present at the defendant’s prior conviction and that she inherited the case in March of 1993. Nevertheless, she stated that she had been present when the defendant’s probation for #232,943 was revoked and that she made numerous visits to the Rapides Parish Jail to discuss the defendant’s case with him. She stated that he never denied that he was the same Walter Gregory Monette convicted on the prior charge. She further stated that she had been to the defendant’s home and had discussed his case with his mother. She affirmatively identified the defendant as the individual convicted under #232,943. Ms. King also produced a photograph from her ease record for # 232,943, and she identified the photograph as that of the defendant.
The trial court stated that it was satisfied that both felonies had been committed by the defendant. We agree. The bill of information and the minute entry from the predicate offense in addition to the identification testimony of the defendant’s parole officer was sufficient to establish that defendant was convicted of both felonies. See State v. Jarvis, 569 So.2d 163 (La.App. 1 Cir.1990). In *621 addition, the trial court had the benefit of the photograph from the probation file for # 232,948 and the opportunity [4to view the defendant in open court. See State v. Hongo, 625 So.2d 610 (La.App. 3 Cir.1993), writ denied, 93-2774 (La. 1/13/94); 631 So.2d 1163.
EXCESSIVE SENTENCE
Defendant asserts that his sentence is constitutionally excessive. He was sentenced to eighteen (18) years at hard labor. Pursuant to La.R.S. 15:529.1(G), the sentence is without benefit of probation or suspension of sentence. The sentence is to run concurrent with any sentence already being served by the defendant.
The penalty for distribution of cocaine under La.R.S. 40:967 is imprisonment of not less than five nor more than thirty years. For a second felony under La.R.S. 15:529.1, the minimum sentence is one half of the longest term and the maximum is twice the longest term that could be prescribed for a first conviction. In the case sub judice, the permissible range of sentences under La.R.S. 15:529.1 is between fifteen and sixty years. The defendant’s sentence of eighteen years is only slightly above the statutory minimum.
Excessive sentences are prohibited by both the Eighth Amendment of the United States Constitution and Art. 1, § 20 of the Louisiana Constitution of 1974. Under State v. Sepulvado, 367 So.2d 762 (La.1979), a sentence within the statutory limits may still violate a defendant’s constitutional right against excessive punishment.
The Louisiana Supreme Court addressed the issue of excessiveness of sentence in State v. Lobato, 603 So.2d 739 (La.1992):
A sentence is constitutionally excessive if it is grossly out of proportion to the seriousness of the offense or is nothing more than a purposeless and needless infliction of pain and suffering. State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985). Thejgsentence imposed will not be set aside absent a showing of manifest abuse of the trial court’s wide discretion to sentence within the statutory limits. State v. Square, 433 So.2d 104 (La.1983).
Lobato, 603 So.2d at 751.
The record reflects that the sentencing judge gave careful consideration to the defendant’s prior history of criminal activity in imposing sentence. A sentencing court may consider criminal activity that did not lead to a conviction. State v. Brown, 410 So.2d 1043 (La.1982). The defendant’s criminal record was extensive and reflected both crimes of violence and drug-related crimes. Furthermore, the record reflects that the defendant was already on probation for distribution of cocaine when he was found with the 25 rocks of cocaine. The defendant offered no factors in mitigation.
We note that the sentence imposed is within the low range of possible sentences. Considering the extensive criminal background of the defendant as well as his tendency to continue to commit crimes, even while on probation, we find that the sentence imposed does not shock our sense of justice.
ERRORS PATENT
We have reviewed the record for errors discoverable by a mere inspection of the pleadings and proceedings in accordance with La.Code Crim.P. art. 920. We have discovered three errors patent on the face of the record. First, the sentencing court did not inform the defendant of the prescriptive period for post-conviction relief as provided by La.Code Crim.P. art. 930.8. Also, the sentencing court neglected to grant the defendant credit for time served. Finally, the sentencing court did not inform the defendant of his right to remain silent during the habitual offender proceeding.
Failure to inform defendant of prescriptive period for post-conviction relief has no bearing on the excessiveness of sentence and is not grounds to reverse the | ¡¡sentence or remand the case for resentencing. The trial court is directed to inform the defendant of the provisions of La.Code Crim.P. art. 930.8 by sending appropriate written notice to the defendant and to file written proof in the record that defendant received the no *622 tice. State v. Taylor, 94-1072 (La.App 3 Cir. 3/8/95); 651 So.2d 955.
Defendant is entitled to credit for time served under La.Code Crim.P. art. 880. Therefore the case is remanded so that the defendant’s commitment and minute entry can be amended to reflect a credit for time served.
The sentencing court in the case sub judice did not inform the defendant of his right to remain silent during the habitual offender proceeding. Nevertheless, the record reflects that the defendant was certainly aware of this right since his prior sentence under the habitual offender statute had been overturned for this very reason. Furthermore, the record reflects that the defendant remained silent throughout the proceedings and that the State introduced competent evidence of the defendant’s prior conviction. We therefore conclude that this error is harmless. See State v. Hodges, 94-898 (La. App. 3 Cir. 3/1/95); 651 So.2d 487.
For the foregoing reasons, the defendant’s sentence and conviction are affirmed. This case is remanded to the sentencing court with instructions to amend the commitment and minute entries to reflect a credit for time served and to provide the defendant with written notice of the prescriptive period for post-conviction relief.
AFFIRMED AND REMANDED.