753 So.2d 898 (1999)
STATE of Louisiana, Appellee,
v.
Chance Patrick MYERS, Defendant-Appellant.
No. 99-677.
Court of Appeal of Louisiana, Third Circuit.
December 8, 1999.
*900 Bernard E. Boudreaux, Jr., District Attorney, R. Wayne Ussery, St. Martinville, Counsel for State of Louisiana.
Martin E. Regan, Jr., New Orleans, Counsel for Chance Patrick Myers.
BEFORE DOUCET, Chief Judge, and AMY and GREMILLION, Judges.
DOUCET, Chief Judge.
On October 23, 1997, the Defendant, Chance Myers, was charged by bill of information with one count of possession with the intent to distribute cocaine, a violation of La.R.S. 40:967(A). The Defendant pled not guilty to the charge on November 24, 1997. However, on January 30, 1998, the Defendant withdrew his plea of not guilty and entered a plea of guilty to the charged offense. On that same date, the Defendant also pled guilty to two charges in two separate docket numbers possession of cocaine and second degree battery. Thereafter, on May 29, 1998, Defendant was sentenced to eighteen years at hard labor on the possession with the intent to distribute cocaine charge, to run concurrently with the sentences imposed on the possession of cocaine and second degree battery convictions. The Defendant orally moved for reconsideration of his sentence at the sentencing hearing and followed with a written motion to reconsider sentence on June 10, 1998. After conducting a hearing on the motion, the trial court took the matter under advisement and subsequently denied the motion on August 11, 1998. The Defendant now appeals his guilty plea and sentence, alleging four assignments of error.

FACTS:
The record reveals the following factual basis was offered in support of the Defendant's guilty plea:
In the matter of State of Louisiana versus Chance Meyers under Docket Number XX-XXXXXX Chance Myers was observed by members of the Saint Martin Parish Sheriffs Office purchasing 21.5 grams of cocaine pursuant to a narcotics investigation. This incident occurred in the Parish of St. Martin on the date alleged in the Bill of Information which should be August 1st, 1997. The defendant took said cocaine and brought it back to his vehicle where he had several other occupants inside the vehicle. The State would show that the defendant did possess with the intent to distribute cocaine in the Parish of Saint Martin on the date alleged in the Bill of Information.

ERRORS PATENT:
In accordance with La.Code Crim.P. art. 920, all appeals are reviewed by the court for errors patent on the face of the record. Our review of the record reveals two errors patent.
First, at the Defendant's guilty plea proceeding, the trial court advised him of the wrong penalty for possession with the intent to distribute cocaine. The trial court erroneously informed the Defendant that the first five years of his sentence must be served without benefit of probation, parole or suspension of sentence. The restriction on parole eligibility became effective August 15, 1997. The Defendant committed his offense on August 1, 1997. Thus, his sentence was not subject to the restrictions on parole and probation that are now in effect. However, *901 we find this error is harmless since the Defendant has not complained of the error and since the sentence he received did not contain any restrictions on parole.
Secondly, the trial court did not inform the Defendant that the offense to which he pled could, under the provisions of La.R.S. 40:982, be used to enhance the penalty for any subsequent drug offense he may commit. La.Code Crim.P. art. 556.1(E), which became effective August 15, 1997, provides: "In any case where a subsequent offense carries an enhanced penalty, the court shall inform the defendant of the penalties for subsequent offenses." This requirement is a statutory requirement rather than a constitutional requirement (as is the requirement that the trial court inform the Defendant of his three Boykin rights), and the Defendant does not claim he is prejudiced by the trial court's failure to inform him. Further, in order for an offense to be enhanced under La.R.S. 40:982, the offender must be charged as a second or subsequent offender under 40:982 in the same bill of information or indictment as the charged offense. State v. Murray, 357 So.2d 1121 (La.1978). Accordingly, Defendant has suffered no detriment at the present time. However, to preclude any possible future detriment to the Defendant, we order the district court to inform the Defendant of the provisions of La.R.S. 40:982 (and thus comply with La.Code Crim.P. art. 556.1(E)) by sending appropriate written notice within ten days of the rendition of this opinion and filing written proof that the Defendant received notice in the record of these proceedings.

ASSIGNMENT OF ERROR NO. 1:
The Defendant claims his guilty plea should be vacated since an element of the crime, i.e., intent to distribute, was not proven.
Guilty pleas normally act as a waiver of all nonjurisdictional pre-plea defects that are not reserved, including insufficiency of evidence. State v. Fontenot, 535 So.2d 433 (La.App. 3d Cir.1988); State v. Crosby, 338 So.2d 584 (La.1976). "A guilty plea is more than a confession which admits that the accused did various acts; it is itself a conviction leaving nothing remaining but to give judgment and determine punishment." State v. Swanson, 439 So.2d 646, 647 (La.App. 1st Cir.1983).
State v. McCullough, 615 So.2d 26, 28 (La. App. 3 Cir.1993). Thus, by pleading guilty, the Defendant waived his right to complain of the insufficiency of the evidence.
The Defendant also claims that at the motion to reconsider hearing, the trial court erred in not inquiring further as to the Defendant's claim that he was promised a five-year sentence. He claims the trial court's statement, "Of course, when you pled guilty I asked you if you were promised anything and you said no," was not sufficient. The Defendant cites the requirement in La.Code Crim.P. art. 556.1(C) that the trial court must inquire about the plea and determine if it is voluntary and not the result of force, threats or promises apart from a plea agreement. Since the Defendant did not make a formal motion to withdraw his guilty plea, the trial court was under no duty to inquire further as to the Defendant's statement concerning the promise he was allegedly given. Further, the requirements of La. Code Crim.P. art. 556.1 are to be adhered to before the trial court accepts a plea, not at a later time when the Defendant attacks his plea. Finally, we find the trial court complied with the requirements of article 556.1(C) before accepting the Defendant's plea. After advising the Defendant of the penalty range of the offense to which he was pleading and stating the plea agreement for the record, the trial court asked the Defendant if he understood the plea agreement, to which the Defendant responded, "Yes, sir." The trial court then advised the Defendant of the rights he was waiving by pleading guilty and asked him if he had any questions about the rights in *902 the plea agreement, to which the Defendant responded, "No, sir." Finally, the trial court asked the Defendant if any promises or threats had been made to induce him to plead guilty. The Defendant responded, "No, sir." Thus, the record demonstrates the trial court complied with article 556.1(C) in accepting the Defendant's guilty plea and the trial court did not err in failing to inquire further during the motion to reconsider sentence hearing when the Defendant claimed he had been promised a sentence of five years.

ASSIGNMENT OF ERROR NO. 2:
The Defendant claims the trial court erred when, during the guilty plea colloquy, it incorrectly informed the Defendant that "the possession and distribution charges were alike except that one was committed on a different date." According to the Defendant, by stating the two offenses were alike, the trial court misled him as to the nature and penalty range of the offense to which he was pleading. In his brief, the Defendant states the following:
The appellant submits that when the trial court advised that by pleading guilty to possession of cocaine, which is "like possession with intent to distribute except that you're charged on doing that on the 2nd day of October, 1994," (r.pp. 40-41) and further that the possible penalty for that is an additional five years, shortly followed the state's helpful announcement that all sentences were to run concurrent, the appellant was misled and could not have entered a knowing and voluntary guilty plea. Although initially the trial court read the penalty range for possession with intent to distribute (r.p. 36) that announcement was vitiated by the colloquy just referenced. The appellant believed that he had been promised five years in return for his guilty pleas, all sentences to run concurrent.
The Defendant further claims that he was confused by the sentence given to another person who pled guilty at the same proceeding. The other defendant pled guilty to distribution of a counterfeit controlled dangerous substance and received a sentence of five years at hard labor, three years suspended. Because the present Defendant heard this sentence, he also believed he would get a five-year sentence.
Before addressing the merits of this claim, we note the Defendant did not file a motion to withdraw his guilty plea in the trial court. Although his statement at the motion to reconsider sentence hearing that he had been promised five years indicated he was not satisfied with his plea, the Defendant did not ask the court to withdraw his plea. The statement was made in support of the Defendant's motion to reconsider sentence. Arguably, the Defendant has not preserved any issue regarding the voluntariness of his plea. La.Code Crim.P. art. 841. However, in State v. Jordan, 98-101 (La.App. 3 Cir. 6/3/98); 716 So.2d 36, this court recognized that the defendant had not filed a motion to withdraw his plea but nonetheless addressed the claims raised by Jordan due to the constitutional nature of the argument. Jordan argued his guilty plea should be withdrawn because he was not notified that in the event he was released on parole, he would be required to post signs in his yard stating that he was a child molester, nor was he notified that he faced a maximum sentence of seven years. See also State v. Fields, 95-2481 (La.App. 1 Cir. 12/20/96); 686 So.2d 107.
Out of an abundance of caution, this court has considered the merits of the Defendant's claims and find they have no merit. First, the trial court actually read the statute charging possession with the intent to distribute cocaine as an offense. The trial court also informed the Defendant that the penalty range was five to thirty years. When asked if he understood that he was charged with possession with the intent to distribute, and if he understood the penalty range for that offense, the Defendant responded, "Yes, sir." *903 Furthermore, the agreement was that the trial court would order a pre-sentence investigation report and that any sentences imposed would run concurrently with those imposed on the other charges. Thus, the Defendant was aware that he was exposed to more than five years in prison.
The trial court's statement that allegedly confused the Defendant is as follows: "On possession of cocaine, it's like possession with intent to distribute except that you're charged on doing that on the 2nd day of October, 1994. And the possible penalty for that is an additional five years." Although the trial court may not have adequately informed the Defendant of the nature of the charge of possession of cocaine, any irregularity in the Defendant's plea to that charge is not before this court on appeal. The Defendant has appealed his possession with the intent to distribute plea only. Although the trial court should have distinguished the two charges, the trial court's earlier advice as to the nature and penalty range of possession with the intent to distribute should have put the Defendant on notice of the correct penalty range for that charge. Thus, this assignment lacks merit.

ASSIGNMENT OF ERROR NO. 3:
The Defendant claims the sentence he received is excessive. As stated earlier, the Defendant entered a plea of guilty to possession with the intent to distribute cocaine along with pleas of guilty to possession of cocaine and second degree battery. The Defendant was subsequently sentenced to eighteen years at hard labor for possession with the intent to distribute, five years at hard labor for possession of cocaine, and five years at hard labor for second degree battery. All sentences were ordered to run concurrently. The Defendant orally moved for reconsideration of his sentence at the sentencing hearing and then filed a written motion to reconsider sentence on June 10, 1998. Following a hearing on the motion, the trial court took the matter under advisement, and, on August 11, 1998, denied Defendant's motion.
The State argues the Defendant is precluded from appealing his sentence based on La.Code Crim.P. art. 881.2(A)(2). The State claims the Defendant pled guilty pursuant to a plea agreement whereby the State agreed that all the sentences would run concurrently and the State agreed that it would not seek enhancement under La. R.S. 40:982. However, we find the sentence is reviewable under State v. Pickens, 98-1443 (La.App. 3 Cir. 4/28/99); 741 So.2d 696.
First, the Defendant claims the facts of the case support the offense of possession of cocaine rather than possession with the intent to distribute. As stated earlier, the Defendant pled guilty to possession with the intent to distribute, thereby waiving any objection to the sufficiency of the evidence. Second, the Defendant cites two cases, State v. Ruiz, 96-386, 96-387 (La. App. 3 Cir. 11/6/96); 684 So.2d 48 and State v. Walker, 96-318 (La.App. 3 Cir. 10/9/96); 684 So.2d 12, wherein the defendants received less than eighteen years imprisonment for possession with the intent to distribute. Nonetheless, we find the trial court did not abuse his discretion in imposing the sentence in the present case.
In State v. Monette, 95-1114 (La.App. 3 Cir. 3/6/96); 670 So.2d 618, this court upheld an eighteen-year sentence imposed upon a defendant convicted of possession with the intent to distribute cocaine. Based on a prior conviction for the same offense, the defendant was charged as a habitual offender. Although the present Defendant was not sentenced as a habitual offender, the PSI classifies him as a second offender. It also states that the Defendant was arrested for two felony offenses while on probation, consequently, his probation was revoked. According to the PSI, the Defendant was arrested in 1993 for unauthorized use of a moveable valued at $1200.00 (no disposition found). He was later arrested in 1994 for possession *904 of cocaine and reckless operation of a vehicle. He pled guilty to the possession of cocaine charge, and was sentenced to three years at hard labor, suspended, and three years active supervised probation. The PSI further reflects that his probation was revoked on September 23, 1997. In 1994, the Defendant was also charged with resisting an officer, possession of cocaine (instant offense), resisting an officer by flight, and reckless operation of a vehicle. The Defendant was then arrested for second degree battery (instant offense), and on August 2, 1997, he was arrested for possession with the intent to distribute cocaine (instant offense). Thus, the Defendant could have been, if not for the plea agreement, charged as a habitual offender, for which he would have faced a minimum of fifteen years and a maximum of sixty years in prison. Since the State did not multiple bill him, the Defendant faced a minimum of five years and a maximum of thirty years imprisonment. Considering the fact that the eighteen-year sentence imposed is upper mid-range[1], the Defendant had a prior criminal history, and that the Defendant pled guilty to two other charges on the same date with the agreement that all sentences would run concurrently, we find the sentence imposed was not excessive. Additionally, the Louisiana Supreme Court has emphasized that the only relevant question on review of a sentence is whether the trial court abused its broad sentencing discretion, and not whether the sentence imposed may appear harsh or whether another sentence might be more appropriate. State v. Cook, 95-2784 (La.5/31/96); 674 So.2d 957, cert. denied, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996). This too, convinces us that the trial court did not abuse its sentencing discretion.
The Defendant further contends the trial court ignored the fact that his co-defendants were allowed to plead guilty to the reduced charge of possession of cocaine and have been placed on probation. He also claims the trial court failed to consider the State's stipulation that if the co-defendants testified, they would testify that the transaction at issue was to benefit their own personal use, not to distribute. Finally, the Defendant claims the trial court failed to consider his employment as well as his youth. In State v. Soraparu, 97-1027 (La.10/13/97); 703 So.2d 608 (citations omitted; alteration in original), the Louisiana Supreme Court stated:
In cases in which the trial court has left a less than fully articulated record indicating that it has considered not only aggravating circumstances but also factors militating for a less severe sentence, a remand for resentencing is appropriate only when "there appear[s] to be a substantial possibility that the defendant's complaints of an excessive sentence ha[ve] merit."
In the case sub judice, we find there is no substantial possibility that the Defendant's claim has merit.
For the above reasons, this assignment lacks merit.

ASSIGNMENT OF ERROR NO. 4:
By this assignment of error, the Defendant claims his counsel was ineffective arguing the following two reasons:
1) Defense counsel was ineffective in advising appellant that the plea agreement was in his best interests without reasonable investigation of all the charges, in failing to request a sentencing cap or a probable sentence determination, and in suggesting the possession with intent to distribute violation would yield a sentence of five years.
2) Defense counsel was ineffective for failing to investigate the appellant's admitted cocaine addiction since high school.
Concerning a claim for ineffective assistance of counsel being raised on appeal, *905 the Louisiana Supreme Court recently stated the following:
A claim of ineffective assistance of counsel generally is more properly raised in an application for post-conviction relief than on appeal. State v. Hamilton, 92-2639 (La.7/1/97), 699 So.2d 29, cert. denied, 522 U.S. 1124, 118 S.Ct. 1070, 140 L.Ed.2d 129 (1998). In post-conviction proceedings, the district judge can conduct a full evidentiary hearing on the matter. However, when the record contains evidence sufficient to decide the issue, the appellate court may consider the issue in the interests of judicial economy. See, e.g., State v. Ratcliff, 416 So.2d 528 (La.1982).
State v. Brumfield, 96-2667, pp. 13-14 (La.10/20/98); 737 So.2d 660, 668-69. Accordingly, we will address Defendant's claim.
In order to prove that counsel was ineffective, a defendant must meet the two-prong test enunciated by the Supreme Court. First, a defendant must show that counsel's performance was deficient. Second, a defendant must show that this deficiency prejudiced the outcome of the trial. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); State v. Brooks, 505 So.2d 714 (La.1987), cert. denied, 484 U.S. 947, 108 S.Ct. 337, 98 L.Ed.2d 363 (1987). In a guilty plea, a defendant must show "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." State v. Washington, 491 So.2d 1337, 1339 (La.1986), quoting Hill v. Lockhart, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). To establish a claim of ineffective assistance of counsel a defendant must demonstrate that his defense attorney failed to meet the level of competency normally demanded of attorneys in criminal cases. State ex rel. Graffagnino v. King, 436 So.2d 559 (La.1983); State v. Fickes, 497 So.2d 392 (La.App. 3 Cir.1986), writ denied, 515 So.2d 1105 (La.1987).
The Defendant asserts several reasons in support of his claim that he received ineffective assistance of counsel in negotiating his plea bargain. First, he claims his counsel advised him to plead guilty to a charge for which there was no factual basis. He claims his attorney advised him to plead guilty without a reasonable investigation of the charges. The Defendant alleges defense counsel discovered the facts of the offense after the plea, and failed to argue that the Defendant merely possessed the cocaine until the motion to reconsider sentence hearing. At the motion to reconsider hearing, defense counsel asked the trial court to consider the fact that the 21.3[2] grams of cocaine purchased by the Defendant were not intended solely for his use. Rather, "[t]he cocaine was to be divided evenly among three other co-defendants with Mr. Myers who have already pled guilty to possession of cocaine and who have been sentenced and placed on probation." Defense counsel and the prosecution stipulated that if the other co-defendants testified, they would testify as follows:
That all of the defendants contributed money toward the purchase of cocaine, and the intention among all of the defendants was that the cocaine was to be divided evenly and was to be used exclusively by those defendants during the course of the weekend.
It is not clear whether the reference to "defendants" in the stipulation included the present Defendant.
The State introduced the testimony of Officer Teddy Hulin at the Defendant's sentencing hearing. Officer Hulin testified that he witnessed the Defendant purchase the 21.5 grams of cocaine. Officer Hulin further stated that his understanding was *906 that the Defendant was going to distribute the cocaine. The Defendant asked Officer Hulin to borrow a battery operated scale to break the cocaine down. The State also introduced a transcribed telephone conversation where the Defendant made the deal to buy the cocaine for $600.00.
Considering the above, we conclude the Defendant has not proven his counsel erred nor has he shown he was prejudiced by any alleged error. It is clear from the stipulated testimony of the co-defendants that the Defendant intended to distribute the cocaine to them. Thus, there was a factual basis for his plea, and the Defendant's claim that his counsel was ineffective for allowing him to plead to a plea with no factual basis has no merit. Furthermore, the Defendant's claim that he was prejudiced by his counsel's failure to investigate has no merit since the facts of the offense clearly supported the intent to distribute element. Finally, the Defendant's claim that his counsel was ineffective for failing to argue that the Defendant merely possessed the cocaine has no merit. Since the record demonstrates the Defendant did not merely possess the cocaine, the Defendant has not shown his counsel erred in failing to present such an argument.
The Defendant also states his counsel should have consulted cases in which plea bargains led to far more beneficial outcomes for the defendants therein. The Defendant cites State v. Collins, 95-1503 (La.App. 3 Cir. 5/8/96); 677 So.2d 500, writ denied, 96-1794 (La.8/27/97); 699 So.2d 45, wherein pending charges were dismissed as part of the plea agreement. It is clear that the Defendant received a substantial benefit from his plea agreement. Although no charges were dismissed, the State agreed not to charge the Defendant as a habitual offender, and the State agreed to recommend that all sentences should run concurrently. Thus, the Defendant has not shown his counsel was ineffective in the plea negotiating process. Accordingly, this claim lacks merit.
Thirdly, the Defendant claims his counsel was ineffective for failing to investigate the substance of the possession of cocaine and second degree battery charges and for advising him to plead guilty to those charges without a reasonable investigation of the factual bases underlying those offenses. We refuse to consider this claim, which we find is not properly before the court since the Defendant has appealed only his possession with the intent to distribute plea and sentence. The Notice of Appeal contains only the docket number for possession with the intent to distribute, not the docket number for possession of cocaine and second degree battery.
Fourthly, the Defendant claims his counsel was ineffective in failing to advise him of the maximum penalty he could receive for possession with the intent to distribute. The Defendant argues, "Not only was he confused by the trial court's inapt analogy to the possession charge, but appellant contends his counsel failed to inform him of the consequences of his plea, or investigate alternatives to the plea bargain." The Defendant was advised by the trial court that the penalty range for possession with the intent to distribute was five to thirty years. He was also asked if he had any questions about his plea agreement and if he was made any promises to plead guilty. The Defendant answered, "No, sir," to both questions. Accordingly, his contention that he would not have pled guilty had his attorney made him aware that the penalty range exceeded five years flies in the fact of reason. Accordingly, we find this claim, likewise, lacks merit.
Finally, the Defendant claims his counsel was ineffective for failing to investigate and provide mitigating factors at his sentencing hearing. Defendant claims his counsel's ineffectiveness altered the outcome of his sentencing. The Defendant does not allege what mitigating factors his attorney failed to present. Furthermore, since the Defendant's sentence is not excessive, the Defendant has failed to show *907 prejudice. State v. Hartman, 479 So.2d 948 (La.App. 3 Cir.1985), writ denied, 486 So.2d 748 (La.1986), cert. denied, 479 U.S. 843, 107 S.Ct. 156, 93 L.Ed.2d 96 (1986).
For the above reasons, this assignment also lacks merit.

DISPOSITION:
The trial court is hereby directed to inform the Defendant of the provisions of La.R.S. 40:982 (and thus comply with La. Code Crim.P. art. 556.1(E)) by sending the appropriate written notice to the defendant within ten days of the rendition of this opinion and to file written proof that the Defendant received the notice in the record of these proceedings. Otherwise, for the foregoing reasons the Defendant's guilty plea and sentence are affirmed.
AFFIRMED AND REMANDED WITH INSTRUCTIONS.
AMY, J., CONCURS IN THE RESULT.
GREMILLION, J., CONCURS WITH WRITTEN REASONS.
GREMILLION, Judge, concurring.
I concur with the majority opinion in all respects except that I would not require the trial court to inform Defendant of the provisions of La.R.S. 40:982 by sending Defendant written notice. In my opinion, such written notice would not comply with the requirements of La.Code Crim.P. art. 556.1, if in fact, it is necessary that the Defendant be informed of the provisions of La.R.S. 40:982 pursuant to Article 556.1.
NOTES
[1] We also note the sentence is only three years more than the minimum sentence Defendant could have received had he been multiple billed.
[2] There are three references to the weight of cocaine in the record. The record from the Acadiana Crimimalistics Laboratory (State Exhibit 5) list the gross weight of the cocaine as 22.5 grams. Insofar as the this case is concerned the differences in weight of the contraband is inconsequential.