761 So.2d 112 (2000)
STATE of Louisiana
v.
DeWayne Allen COURTNEY.
No. CR99-1700.
Court of Appeal of Louisiana, Third Circuit.
May 3, 2000.
*113 Don M. Burkett, District Attorney, Many, Counsel for Plaintiff/Appellee.
Lawrence C. Billeaud, Lafayette, Counsel for Defendant/Appellant, DeWayne Allen Courtney.
(Court composed of Judge HENRY L. YELVERTON, Judge ULYSSES GENE THIBODEAUX and Judge BILLIE C. WOODARD).
THIBODEAUX, Judge.
The Defendant, DeWayne Allen Courtney, pled guilty to possession with intent to distribute cocaine and was sentenced to five years at hard labor without benefit of parole, probation, or suspension of sentence. Appellate counsel has filed an appeal, alleging that there are no non-frivolous issues to consider and has requested permission to withdraw. After reviewing the Defendant's brief for errors as mandated by Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), we affirm the Defendant's conviction and sentence with instructions and allow counsel to withdraw.

FACTS
The following factual basis was presented by the State in support of the Defendant's guilty plea:
Judge, I'm reading from Officer Edie McGowen's statement. She was the undercover officer who made the buy. And this involved not only Officer McGowen but two other officers, Lambert and Marr. On July 14th of last year, approximately a quarter to 2 in the afternoon, she went onto, she drove into the grounds of Middle Creek Apartment for the purpose of making a drug buy. She drove by a group of people crowded on a porch area, slowed down and she was signaled to by an adult black male which she identified by not only race and sex but also by hairstyle as well as the clothing that he was wearing. She was flagged down by him. He sent a juvenile to the vehicle. She advised the juvenile what she was there for. The juvenile facilitated the transfer of the drugs from the black male, adult, who turned out to be Mr. DeWayne Courtney and Officer McGowen, the amount of the sale was $20 for two rocks. Those rocks were submitted to the crime lab and they were determined to contain cocaine.

DISCUSSION AND ERRORS PATENT REVIEW
In State v. Larrivere, 98-1399 (La. App. 3 Cir. 5/5/99); 733 So.2d 703, 705, this court discussed the procedure to be employed in Anders cases:
In Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), the United States Supreme Court created a procedure by which an attorney representing an indigent defendant can avoid raising frivolous issues on appeal. This procedure was approved in State v. Benjamin, 573 So.2d 528 (La.App. 4 Cir. 1990), and the Louisiana Supreme Court approved it in State v. Mouton, 95-0981 (La.4/28/95); 653 So.2d 1176.
An Anders appeal should provide "a detailed and reviewable assessment for both the defendant and the appellate court of whether the appeal is worth pursuing in the first place." State v. Mouton, 653 So.2d at 1177. In State v. Jyles, 96-2669 (La.12/12/97); 704 So.2d 241, the supreme court stated:
Counsel must demonstrate to the appellate court by full discussion and analysis that he has cast an advocate's eye over the trial record and considered whether any ruling made by the trial court, subject to the contemporaneous *114 objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration.
Id. at 705.
Defense counsel's brief meets the standard set forth in State v. Jyles, 96-2669 (La.12/12/97); 704 So.2d 241. In his brief, defense counsel first recounts the procedural history and facts of the case. He then states that he can assign no error in the Defendant's sentence because no motion to reconsider sentence was filed and because the Defendant received the statutory minimum sentence. Defense counsel further notes that the "Boykin colloquy between the Court and the defendant indicates to the undersigned that Mr. Courtney was advised of and understood his constitutional rights, and thereafter freely and voluntarily entered a plea of guilty." Addressing the record further, defense counsel states:

APPEAL OF SENTENCE:
Because Trial Counsel for the defendant did not file a Motion to Reconsider Sentence, and because the defendant received the statutory minimum sentence, the undersigned counsel can make no assignment of error on behalf of the defendant regarding the five year sentence imposed. The Boykin colloquy between the Court and the defendant indicates to the undersigned that Mr. Courtney was advised of and understood his constitutional rights, and thereafter freely and voluntarily entered a plea of guilty. Therefore, the undersigned believes that an attempt to now attack this plea process would amount to nothing more than a frivolous appeal. The record is also void of any evidence that Dewayne Courtney did not intelligently and willfully enter the plea of guilty with knowledge that he would likely serve a five year sentence at hard labor. Based upon three independent reviews of this record, and based upon the foregoing facts, the undersigned contends that he is prohibited by law from pursuing this appeal.

ERROR IN THE TRIAL COURT:
No objections were raised by Trial Counsel or the defendant during the entire plea process. The defendant was sentenced to serve the statutory minimum sentence. A review of the Boykin colloquy indicates to the undersigned that the defendant understood all of his constitutional rights, and voluntarily accepted this plea agreement. Accordingly, the undersigned counsel has identified no error by the Trial Court, Trial Counsel for Mr. Courtney, or by Mr. Courtney himself, which the undersigned contends would be appropriate for appellate review. The undersigned believes that any issue raised would be frivolous, and in violation of his ethical duties to this Court and to the above captioned client.
Counsel's discussion of the case and errors shows he "has cast an advocate's eye over the trial record." We believe the standard set forth in Jyles, 704 So.2d 241 was met.
In conducting our Anders and error patent reviews, we noted the following errors. The trial court did not inform the Defendant that the offense to which he pled could be used to enhance the penalty for any subsequent offense he may commit. La.Code Crim.P. art. 556.1(E), which became effective August 15, 1997, provides: "In any case where a subsequent offense carries an enhanced penalty, the court shall inform the defendant of the penalties for subsequent offenses." The Defendant pled guilty to possession with the intent to distribute cocaine. La.R.S. 40:982 provides for an enhanced penalty for a second or subsequent offense involving drugs, including possession with the intent to distribute cocaine. Thus, the trial court erred in failing to so inform the Defendant. We choose to do as the court did in State v. Myers, 99-677 (La.App. 3 Cir. 12/8/99); 753 So.2d 898, and order the "district court to inform the Defendant of *115 the provisions of La.R.S. 40:982 [and thus comply with La.Code Crim.P. art. 556.1(E) ] by sending appropriate written notice within ten days of the rendition of this opinion and filing written proof that the Defendant received notice in the record of these proceedings." Id. at 901.
Finally, the trial court erroneously informed the Defendant that he had three years to file post-conviction relief. Act 1262 of the 1999 Regular Legislative Session changed the time period for filing post-conviction relief to two years from the date the judgment of conviction and sentence becomes final. The amendment became effective on August 15, 1999. The Defendant was sentenced on August 19, 1999. Thus, the trial court should have informed the Defendant of the new prescriptive period. Accordingly, the trial court is instructed to inform the Defendant of the two-year prescriptive period provided for in La.Code Crim.P. art. 930.8 by "sending appropriate written notice to the Defendant within ten days of the rendition of this opinion and to file written proof that the [D]efendant received the notice in the record of the proceedings." State v. Fontenot, 616 So.2d 1353, 1359 (La.App. 3 Cir.), writ denied, 623 So.2d 1334 (La. 1993).

CONCLUSION
Appellate counsel's Motion to Withdraw is granted and the Defendant's conviction and sentence are affirmed. The district court is ordered, however, to inform the Defendant of the provisions of La.R.S. 40:982 and La.Code Crim.P. art. 930.8, as amended by Act 1262 of the 1999 Regular Legislative Session by sending appropriate written notice within ten days of the rendition of this opinion and filing written proof that the Defendant received notice in the record of these proceedings.
MOTION TO WITHDRAW GRANTED; DEFENDANT'S CONVICTION AND SENTENCE AFFIRMED WITH INSTRUCTIONS.