NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

KA 13-1123

STATE OF LOUISIANA

VERSUS

SHERMAN D. SHARP

**********

APPEAL FROM THE
TWENTY-EIGHTH JUDICIAL DISTRICT COURT
PARISH OF LASALLE, NO. 96665
HONORABLE J. CHRISTOPHER PETERS, DISTRICT JUDGE

**********

JOHN E. CONERY
JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Sylvia R. Cooks, and John E. Conery, Judges.

AFFIRMED.

**Kevin V. Boshea**
**Attorney At Law**
**2955 Ridgelake Drive, Suite 207**
**Metairie, Louisiana  70002**
**(504) 834-2114**
**COUNSEL FOR DEFENDANT/APPELLANT:**
     **Sherman D. Sharp**

**J. Reed Walters**
**District Attorney**
**28th Judicial District Court**
**Post Office Box 1940**
**Jena, Louisiana 71342**
**(318) 992-8282**
**COUNSEL FOR APPELLEE:**
     **State of Louisiana**

**CONERY, Judge.**

On July 2, 2012, Defendant, Sherman D. Sharp, was charged by bill of information with one count of manufacturing methamphetamine, a violation of La.R.S. 40:967(A)(1), and one count of conspiracy to manufacture methamphetamine, a violation of La.R.S. 14:26 and La.R.S. 40:967(A)(1). Defendant entered a not-guilty plea to the charges. Thereafter, on January 28, 2013, Defendant attempted to enter a plea to an amended charge of operation of a clandestine methamphetamine lab. Because Defendant did not admit to the factual basis that he was operating the methamphetamine lab, the State withdrew the plea offer, intending to try Defendant on the original charges immediately following the trial of his co-defendant, Bobby Buras. On January 31, 2013, after co-defendant Bobby Buras was convicted of both manufacturing methamphetamine and conspiracy to manufacture methamphetamine, Defendant entered a guilty plea to one count of manufacturing methamphetamine in exchange for the State's dismissal of count two, conspiracy to manufacture methamphetamine. The plea was open ended as to any sentence that would be imposed. The trial court set sentencing for August 6, 2013, and ordered a pre-sentence investigation (PSI) to be conducted by the Department of Public Safety and Corrections.

After Defendant pled guilty, he retained new defense counsel who filed a motion to withdraw guilty plea on March 4, 2013. After an evidentiary hearing on June 11, 2013, the trial court denied the motion to withdraw guilty plea and gave extensive oral reasons. On that same date, Defendant's attorney filed a motion for appeal which was granted by the trial court on June 12, 2013. On September 18, 2013, however, this court dismissed the appeal because sentence had not yet been imposed. *State v. Sharp*, 13-831 (La.App. 3 Cir. 9/18/13) (unpublished opinion).

After a sentencing hearing held on August 6, 2013, the trial court sentenced Defendant to ten years at hard labor without benefit of probation, parole, or suspension of sentence and recommended that Defendant be incarcerated in a facility that offers drug rehabilitation and treatment. The trial court also recommended that Defendant enroll in and complete a certified GED program during incarceration. Finally, the trial court cast Defendant with all court costs and $150.00 for the preparation of the PSI.

On the same day as sentencing, defense counsel filed a motion to reconsider sentence, which was set to be heard on September 10, 2013. After sentencing on August 6, 2013, defense counsel also filed a motion for appeal, which was granted. On September 6, 2013, defense counsel filed a "Motion to Depart from Mandatory Minimum Sentence Pursuant to State v. Dorthey." The trial court denied the latter motion on September 9, 2013, without a hearing.

Defendant once again sought review in this court. However, because the trial court had not ruled on Defendant's motion to reconsider sentence, this court issued an order on September 23, 2013, remanding the case for disposition of the motion to reconsider sentence. Thereafter, on October 1, 2013, this court received a new appellate record containing court minutes from September 24, 2013. According to the minutes, neither Defendant nor his counsel were present at the motion to reconsider sentence. The minutes state, "RULING OF THE COURT: The Motion to Reconsider Sentence is moot and denied by the Court."

Defendant is now before this court challenging both the trial court's denial of his motion to withdraw guilty plea and the trial court's denial of his motion to reconsider sentence. For the following reasons, we affirm.

## FACTS

The following factual basis was set forth at Defendant's guilty plea:

> Judge, as you will recall in the companion case of State versus Bobby Buras, . . . Mr. Sharp along with Mr. Buras were at a camper trailer here in the Belah community in LaSalle Parish on May 22, 2012. They were in the process of making methamphetamines for Mr. Randy Morris. Mr. Sharp so indicated to Detective Leland Guin at the scene after miranda.

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find no errors patent.

## ASSIGNMENTS OF ERROR

Defendant raised the following assignments of error:

1. The district court respectfully erred in the denial of the motion to withdraw guilty plea.

2. The guilty plea in this matter is legally infirm and should be vacated.

3. The district court respectfully erred in the denial of the motion to reconsider sentence.

## ASSIGNMENTS OF ERROR NUMBERS ONE AND TWO

In his first two assignments of error, Defendant alleges that the trial court erred in denying his motion to withdraw guilty plea, arguing that his guilty plea is legally infirm and should be vacated. In support of this allegation, Defendant claims that he was informed of the incorrect sentencing range when he pled guilty, that the lab report contained in the record indicates no controlled dangerous substances were identified, that the State's witnesses indicated only that Defendant was present at the scene, and that Defendant did not fully understand the consequences of his actions in pleading guilty. Although appellate counsel states

that the issue is "not (yet) ineffective assistance of counsel," appellate counsel also contends that the attorney representing Defendant at the time of his plea should have known about the negative lab report, should have known of the lack of evidence against Defendant, and should have realized the trial court informed Defendant of the incorrect penalty range. Additionally, appellate counsel argues that Defendant's attorney was responsible for making sure Defendant understood the consequences of his plea.

*Trial Court's Advisement of Incorrect Sentencing Range*

Appellate counsel alleges that Defendant's plea is constitutionally infirm because the trial court informed him of the wrong penalty range at the guilty-plea proceeding. The penalty provision for manufacturing methamphetamine, La.R.S. 40:967(B)(3)(a), is imprisonment at hard labor for not less than ten years nor more than thirty years, at least ten years of which shall be served without benefit of parole, probation, or suspension of sentence, and a possible fine of not more than $500,000.00. At Defendant's guilty-plea proceeding, however, the trial court informed Defendant that the applicable penalty range was "a term of imprisonment for not less than two years nor more than thirty years" with a potential "fine of not more than $50,000.00." At sentencing, the trial court recited the correct penalty range and sentenced Defendant to the minimum sentence of ten years at hard labor without benefit of probation, parole, or suspension of sentence. Defendant's counsel did not object at the guilty-plea proceeding to the trial court's misinformation as to the sentencing range, nor did he object at sentencing or allege the same as grounds for withdrawing the plea. For the first time on appeal, appellate counsel argues that Defendant's guilty plea is infirm based on the trial court's misinformation as to the sentencing range at the guilty-plea proceeding.

4

In this case, Defendant is unable to show on the present record whether the trial court's misinformation affected the voluntariness of Defendant's plea. The State filed two counts, but Defendant was only sentenced to the minimum sentence for count one, manufacturing methamphetamine, because he voluntarily entered a plea in exchange for the State dropping count two, conspiracy to manufacture methamphetamine. Thus, Defendant received substantial benefit from the plea agreement. Additionally, defense counsel did not raise the objection at the plea hearing, sentencing, or in the motion to withdraw guilty plea. Therefore, we find Defendant's claim lacks merit. *See State v. Martin*, 12-395 (La.App. 3 Cir. 11/7/12), 120 So.3d 721(on rehearing); *State in the Interest of C.H.*, 595 So.2d 713 (La.App. 5 Cir. 1992); and *State v. Bickham*, 98-1839 (La.App. 1 Cir. 6/25/99), 739 So.2d 887.

*Negative Lab Report and Lack of Witnesses*

Defendant also alleges that his guilty plea should be withdrawn based on the lab report's negative finding for controlled dangerous substances and the State's lack of witnesses against him. Appellate counsel notes that the record contains a statement from Tina Morris which indicates that Defendant was merely present at the scene, nothing more. Counsel neglects to point out the language setting forth the factual basis set forth by the State at the guilty plea:

> Judge, as you will recall in the companion case of State versus Bobby Buras, . . . Mr. Sharp along with Mr. Buras were at a camper trailer here in the Belah community in LaSalle Parish on May 22, 2012. They were in the process of making methamphetamines for Mr. Randy Morris. Mr. Sharp so indicated to Detective Leland Guin at the scene after miranda.

Defendant was well aware of the factual basis based on the evidence at the trial of his co-defendant, who had been found guilty shortly before Defendant's

5

plea. His attorney and his father had been present at that trial. The factual basis placed in the record by the State was sufficient to support the elements of the crime. Moreover, we find that by pleading guilty, Defendant waived his right to complain that the evidence was insufficient. *State v. Myers*, 99-677 (La.App. 3 Cir. 12/8/99), 753 So.2d 898, *writ denied*, 00-53 (La. 6/23/00), 765 So.2d 1036.

*Defendant Did Not Understand Consequences of Plea*

In brief, appellate counsel contends that Defendant has considerable difficulty understanding legal concepts given his limited education. At the motion-to-withdraw-guilty-plea hearing, Defendant's attorney argued that Defendant did not understand the concepts involved in the case, that Defendant suffered from cognitive dysfunction, and that Defendant's original attorney should have had Defendant evaluated to determine whether he had the intellectual ability to plead guilty.

In *State v. Montalban*, 00-2739 (La. 2/26/02), 810 So.2d 1106, *cert. denied*, 537 U.S. 887, 123 S.Ct. 132 (2002), the supreme court stated that the trial court must make an independent determination of whether the defendant's plea is made knowingly and intelligently.

Here, the record indicates the trial court explained all of Defendant's rights and clearly found that Defendant was able to understand his rights as well as the elements of the crime charged. In its ruling denying the motion to withdraw guilty plea, the trial court stated that it listened to testimony, listened to the arguments of counsel, and reviewed the transcripts of both the attempted plea and final plea. The trial court acknowledged that it advised Defendant of his rights at the January 28, 2013 guilty-plea proceeding that resulted in Defendant's initial refusal of the plea bargain. It also went over these rights again at the January 31, 2013 actual

6

guilty-plea proceeding. The trial court additionally noted that there was no indication when Defendant pled guilty that Defendant was cognitively dysfunctional or had any trouble understanding what he was doing. At the guilty-plea proceeding, Defendant stated that he went to school until the ninth grade, that he could read and write the English language, and that there was nothing impairing his ability to make a decision. When the trial court asked him if he had an opportunity to discuss the plea bargain with his attorney, Defendant replied that he did. Defendant also acknowledged that no promise had been made to him regarding the sentence he would receive. Although Defendant's father testified that Defendant did not know what a blind plea was, Defendant did not have any questions when the trial court explained that a blind plea was open ended with no promise as to what the eventual sentence would be. Moreover, at the sentencing hearing, the trial court noted that the PSI did not indicate that Defendant suffered from any physical or mental disability. Finally, although Defendant's original attorney, Mr. Lemke, testified that Defendant had trouble understanding legal concepts, Mr. Lemke did not feel his ability to serve as counsel was hampered or that Defendant was incapable of standing trial.

Considering the abuse of discretion standard that must be applied to a trial court's denial of a motion to withdraw guilty plea, we find that the trial court did not abuse his discretion in finding Defendant entered the guilty plea in this case freely and voluntarily. *See State v. Bourgeois*, 406 So.2d 550 (La.1981).

<u>*Ineffective Assistance of Counsel*</u>

Appellate counsel contends that Mr. Lemke was ineffective for failing to know about the negative lab report, for failing to know about the lack of evidence against Defendant, for failing to know the correct penalty range, and for failing to

make sure Defendant understood the consequences of his plea. However, appellate counsel specifically stated that "[t]he issue here is not (yet) ineffective assistance of counsel, but rather whether or not the guilty plea of Sherman Sharp is legally infirm." We find that the issue of whether or not Defendant's original attorney, Mr. Lemke, was ineffective is not before this court at this time.

### ASSIGNMENT OF ERROR NUMBER THREE

In his third assignment of error, Defendant claims the trial court erred in denying his motion to reconsider sentence. Although appellate counsel recognizes that the trial court imposed the minimum sentence, appellate counsel claims that at the time the plea was taken, the trial court was under the mistaken belief that the minimum sentence was two years with benefits.

To justify a court's downward departure from a legislatively mandated sentence, a defendant must show "[h]e is exceptional, which in this context means that because of unusual circumstances [he] is a victim of the legislature's failure to assign sentences that are meaningfully tailored to the culpability of the offender, the gravity of the offense, and the circumstances of the case." *State v. Johnson*, 97-1906, p. 8 (La. 3/4/98), 709 So.2d 672, 676 (quoting Judge Plotkin's concurring opinion in *State v. Young*, 94-1636, pp. 5-6 (La.App. 4 Cir. 10/26/95), 663 So.2d 525, 531, *writ denied,* 95-3010 (La. 3/22/96), 669 So.2d 1223).

In the present case, Defendant has failed to prove that he is exceptional so as to justify a sentence below the mandatory minimum sentence. Although the trial court recited the wrong penalty range at the guilty plea, the trial court was well aware of the penalty range at the sentencing hearing. No mention was made at that time by the trial court, by the State, or by Defendant, that there was a surprise as to the mandatory minimum sentence of ten years without benefits.

In brief, appellate counsel argues that Defendant should receive a sentence below the mandatory minimum because his criminal history is not significant and his involvement in the offense is "non-existent." Although the trial court at the sentencing hearing recognized that Defendant was a first-time felony offender with only misdemeanor charges, the trial court did not perceive Defendant's participation in the offense in this case as "non-existent." The factual basis given by the State as to Defendant's direct involvement in the crime charged was admitted by Defendant during his guilty-plea colloquy with the court. The trial court stated that he felt that due to the nature of the offense, there was an undue risk that Defendant would commit another crime if he ordered "solely a suspended or probated sentence." The trial court also stated that he believed that any lesser sentence would deprecate the seriousness of the offense charged. Finally, in order to help Defendant with his addiction, the trial court recommended that Defendant be housed in a facility that offers drug rehabilitation and treatment. Considering the trial court's reasoning, Defendant has failed to show exceptional circumstances to justify the imposition of a sentence below the mandatory minimum.

## DISPOSITION

We find that Defendant's assignments of error lack merit and Defendant's conviction and sentence are affirmed.

**AFFIRMED.**

**This opinion is NOT DESIGNATED FOR PUBLICATION.** Uniform Rules—Courts of Appeal, Rule 2-16.3.